```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

UNITED STATES OF AMERICA,        *

vs.                              *
                                       CASE NO. 4:21-cr-20 (CDL)
SHAWN SMITH,                     *

  Defendant.                     *

O R D E R

The Government has filed a motion in limine (ECF No. 23) to prevent Defendant's counsel from cross-examining former Columbus Police Department Investigator Robert Yates about his being disciplined approximately 18 years ago for Dereliction of Duty and Failure to Report Honestly.  This discipline arose from Yates's lying to his command staff about a fake call for service that he claimed he responded to in order to obtain rest while on duty. This evidence is relevant under Federal Rule of Evidence 608(b)(1) which authorizes inquiry into specific instances of conduct on cross-examination if they are probative of the character for untruthfulness of a witness.  However, this relevant evidence may be excluded "if its probative value is substantially outweighed" by a danger of unfair prejudice. Fed. R. Evid. 403.

The Court finds that Yates's previous misconduct, notwithstanding that it occurred 18 years ago, has some probative value on the issue of whether he acted truthfully during the

1

investigation in this case or will testify truthfully at trial. The prior incident occurred within the scope of his duties as a sworn police officer. In order to avoid having to take calls which he was sworn to take as a police officer, he made up a call so that he could obtain personal rest. When confronted about this misconduct, he lied to his command staff. The Court finds that this dereliction of duty and subsequent cover up are examples of dishonesty that may be considered under Rule 608(b)(1).

While Yates's youth may have been a mitigating factor, the Court observes that he was considered sufficiently mature to serve and protect the citizens of this community with the authority to use deadly force if necessary. The Court also understands that based on the current record, one could argue that this black mark on his record represents an isolated occurrence. And the Court recognizes that the misconduct did not involve the fabrication or mishandling of evidence. Nevertheless, the Court is not charged with deciding whether Yates's prior dishonesty means that he must have been dishonest in the investigation here or would not testify truthfully during the trial. The question is whether this prior misconduct lacks probative value as to Yates's character for truthfulness to the extent that it is *substantially* outweighed by the danger of unfair prejudice to the Government. *See United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983) (noting that exclusion under Rule 403 is "an extraordinary remedy which should

be used sparingly") (quoting *United States v. Thevis*, 665 F.2d 616, 633 (5th Cir. Unit B 1982)). Only then is the Court authorized to prevent the jury from even considering the evidence.

In this case, Defendant's counsel will attack Yates on his testimony that he discovered a magnetic box on the underside of Defendant's car that was subject to an inventory search. Counsel will suggest that the circumstances surrounding the finding of the box are suspicious. The box was not discovered during the inventory of the vehicle. And in fact, Yates did not believe he had the authority to conduct a search for evidence during that phase of the processing of Defendant's car. The inventory for forfeiture purposes had been completed, and his job was done. Yet, as Yates was driving away from the forfeiture storage yard, it dawned on him that there may be a magnetic contraband box under the vehicle, the same as was found previously when it became detached from Defendant's car at a car wash. So, he decided to go back and take a look. When he found the box, he realized that his investigative zeal may have overcome his best judgment and that he should proceed no further without developing the proper foundation for a search warrant. He therefore did not open the box, but instead summonsed a canine search of the area. When the canine alerted to the box, a search warrant was obtained which resulted in a search of the box, revealing the illegal drugs. Defendant's counsel will presumably argue that Yates planted the magnetic box

on the underside of Defendant's car or that a reasonable doubt exists as to whether the box belonged to the Defendant. Defendant certainly has the right to cross examine Yates about these issues and make suggestions to the jury that are supported by reasonable inferences from the evidence. And in doing so, he has the right to explore Yates's character for truthfulness. To have a full picture of that character, the jury needs to hear the only evidence that occurred within the scope of his law enforcement duties that involved untruthfulness. The Government will certainly have the opportunity to mitigate the probative value of the evidence by explaining that it happened long ago, that it was a youthful indiscretion borne from desperate circumstances, and that it bears no resemblance to the circumstances presented here. But the exclusion of such evidence would be an extraordinary decision by the Court; the applicable rules recognize that such exclusion should only be ordered in exceptional circumstances, i.e., when the probative value is *substantially* outweighed by the danger of *unfair* prejudice. When a Defendant in a criminal trial seeks to exclude evidence pursuant to Rule 403, the courts have observed that "in a criminal trial relevant evidence is inherently prejudicial; it is only when *unfair* prejudice *substantially* outweighs probative value that the rule permits exclusion." *King*, 713 F.2d at 631. The same is true when that evidence is sought to be excluded in favor of the Government.

The Court acknowledges that this evidence could be prejudicial to the Government. But prejudice is certainly not the test for admissibility. Nor is the Court to act as the ultimate factfinder, particularly as it relates to witness credibility. The jury plays that vital role. The Court is simply the gatekeeper and must decide whether the probative value of such evidence is *substantially* outweighed by the danger of *unfair* prejudice to the Government. *Id.* Under the circumstances presented here, the Court cannot find that the prejudice is *unfair,* nor that it *substantially* outweighs the probative value of the evidence. Accordingly, the Government's motion in limine is denied.[1]

IT IS SO ORDERED, this 13th day of December, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] The Court's ruling does not suggest that Yates's behavior during the investigation of this case involved any misconduct. And the Court does not express any opinion as to the accuracy of the observation that "once a liar, always a liar." The Court simply finds that the jury must hear the evidence and make up its own mind.

5